LIU, J.,
Concurring.—In light of Miller v. Alabama (2012) 567 U.S._[183 L.Ed.2d 407, 132 S.Ct. 2455] (Miller), the court today holds that Penal Code “section 190.5(b) confers discretion on the sentencing court to impose either life without parole or a term of 25 years to life on a 16- or 17-year-old juvenile convicted of special circumstance murder, with no presumption in favor of life without parole.” (Maj. opn., ante, at p. 1387.) We also hold that “[s]ection 190.5(b) authorizes and indeed requires consideration of the Miller factors.” (Ibid.) Justice Corrigan’s concurring opinion does not disagree with either proposition.
Justice Corrigan observes that our trial courts have discretion to decide whether trial as an adult is appropriate in cases where a juvenile is charged with murder but not charged with personally killing the victim. (Conc, opn., ante, at pp. 1392-1393 & fn. 1.) I agree that our trial courts have such discretion, but I would note Miller’s admonition that “transfer-stage discretion . . . has limited utility” because “the judge often does not know then what she will learn, about the offender or the offense, over the course of the proceedings.” (Miller, supra, 567 U.S. at p. _ [132 S.Ct. at p. 2474].) Further, “and still more important,” Miller said, “the question at transfer hearings may differ dramatically from the issue at a post-trial sentencing. Because many juvenile systems require that the offender be released at a particular age or after a certain number of years, transfer decisions often present a choice between extremes: light punishment as a child or standard sentencing as an adult (here, life without parole).” (Ibid.; see Welf. & Inst. Code, § 607 [minor must be discharged from juvenile court’s jurisdiction at age 21 in most cases and at age 25 in any case, unless civilly committed].) “Discretionary sentencing in adult court would provide different options: There, a judge or jury could choose, rather than a life-without-parole sentence, a lifetime prison term with the possibility of parole or a lengthy term of years. It is easy to imagine a judge deciding that a minor deserves a (much) harsher sentence than he would receive in juvenile court, while still not thinking life-without-parole appropriate.” (Miller, at pp. _-_ [132 S.Ct. at pp. 2474-2475].) This, too, informed Miller’s judgment that “transfer-stage discretion . . . has limited utility.” (Id. at p._[132 S.Ct. at p. 2474].)
*1395 Finally, although Justice Corrigan is correct that Miller involved two 14 year olds (cone, opn., ante, at p. 1393), lower courts should take note that Miller, in clear language, announced a principle that applies to all juveniles, not just 14 year olds: “[Gjiven all we have said in Roper, Graham, and this decision about children’s diminished culpability and heightened capacity for change, we think appropriate occasions for sentencing juveniles to this harshest possible penalty will be uncommon. That is especially so because of the great difficulty we noted in Roper and Graham of distinguishing at this early age between ‘the juvenile offender whose crime reflects unfortunate yet transient immaturity, and the rare juvenile offender whose crime reflects irreparable corruption.’ ” (Miller, supra, 567 U.S. at p. _ [132 S.Ct. at p. 2469].)